**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FABIO ORLANDO CRUZ TORRES, AKA Orlando Flabio Cruz, AKA Flabio Nino, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-73529 <br><br> Agency No. A200-709-702 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016[**]

Before:      CANBY,  TASHIMA, and NGUYEN, Circuit Judges.

Fabio Orlando Cruz Torres, a native and citizen of Colombia, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reopen. *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Cruz Torres' motion to reopen because it was untimely, *see* 8 C.F.R. § 1003.2(c)(2), and Cruz Torres failed to establish that any regulatory exception to the time limitation for filing a motion to reopen applied, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi*, 538 F.3d at 992 (court "defers to the Board's exercise of discretion unless it acted arbitrarily, irrationally or contrary to law").

We lack jurisdiction to consider Cruz Torres' contentions regarding relief under the Convention Against Torture because he did not raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (petitioner must exhaust claims in administrative proceedings below).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**